IN THE UNITED STATES DISTRICT COURT FOR
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| IN RE: FREDERICK ARNEMAN COOPER and KATHERINE HARRISON COOPER,<br>    Debtors<br><br>FREDERICK ARNEMAN COOPER and KATHERINE HARRISON COOPER<br>    Appellants.<br>v.<br><br>SAMUEL K. CROCKER, UNITED STATES TRUSTEE, REGIONS 8,<br>    Appellee. | NO. 3:17-cv-00569<br><br>JUDGE CAMPBELL |

## **MEMORANDUM**

Appellants appeal the final Bankruptcy Court's December 8, 2016 "Order Denying Discharge" and Memorandum Opinion (the "Order"). In the Order, the Bankruptcy Court denied Appellants discharge of debts based on Appellants' concealment of personal property of the bankruptcy estate and for knowingly making a materially false oath or account under to U.S.C. §§ 727(a)(2) and (a)(4).

Appellants argue the Bankruptcy Court committed clear error when it denied their discharge under 11. U.S.C. § 727. Appellants allege the evidence showed miscommunication, mistake, and inadvertence rather than intentional fraud. For the reasons set forth below, the judgment of the Bankruptcy Court is **AFFIRMED.**

## I.    FACTS AND PROCEDURAL HISTORY

In January 2015, Appellants hired Todd Jackson ("Mr. Jackson") to help them file for Chapter 7 Bankruptcy. (Doc. No. 9-1, 33). In February 2015, Appellants filled out an online

1

questionnaire that was later used to draft Appellants Schedules and Statement of Financial Affairs. (*Id.* at 34). Mr. Jackson then met with Appellants and went over the bankruptcy petition line-by-line before Appellants signed the petition. On March 13, 2015, Appellants filed their Chapter 7 petition, and filed their Schedules and the Statement of Financial Affairs on March 19, 2015. (*Id.* at 29). Their petition indicated this was a "No Asset" bankruptcy case. (*Id.*)

On April 10, 2015, Appellants filed their first amendment to their Schedule and disclosed Guerin Senter as a creditor. (*Id.*). The Chapter 7 Trustee reviewed Appellants bankruptcy pleadings and noticed some "red flags" regarding the valuation of Appellants residence and lack of personal property. (*Id.*). Thereafter, the Chapter 7 Trustee hired Ethan Massa ("Mr. Massa") to appraise Appellants personal property. (*Id.*). On April 17, 2015, Mr. Massa conducted an inventory of Appellants assets located at their residence and discovered personal property that was not disclosed in Appellants Schedules. (*Id.* at 30).

On April 20, 2015, Appellants watched a video presentation on debtor's responsibilities in filing for Chapter 7 bankruptcy before attending the Meeting of the Creditors. (*Id.*). After seeing the video, Appellants realized they made mistakes on their filings due to a possible miscommunication with their attorney. (*Id.*). Appellants believed they were only to list personal property they planned to keep and a representative of the Trustee would take everything else. (*Id.*). On May 25, 2015, Appellants amended their Schedules for the second time to add the property found by Mr. Massa, but the value of this property was listed as "Unknown". (*Id.* at 31). Their undisclosed property eventually sold at an auction conducted by Mr. Massa for $60,033.34. (*Id.*). On June 14, 2015, Appellants amended their Statement of Financial Affairs for the third time. (*Id.*). With every amendment to the Schedule, Appellants added more property. (*Id.* at 34-36). Appellants failed to include a pending civil suit filed against them in 2013 by Guerin Senter until

their second amendment, and failed to list firearms they sold on consignment for approximately $23,000 until their third amendment, Appellants never listed their 100% membership interest in Global Track GPS, LLC, undervalued their home at $330,000[1], and never listed their 2014 residential loan application. (*Id.* at 31-36).

Appellants are educated and have significant business experience. (*Id.* at 32). Appellant Frederick Cooper has a degree in business administration, and founded a company, where he was the president and CEO. Appellant Katherine Cooper also has a degree in business administration and worked for Appellant Frederick Cooper's company as the director of operations. (*Id.*). Appellants also have experience in bankruptcy due to the Chapter 11 petition filed in Nevada, where Appellants signed pleadings and verified statements. (*Id.* at 33). Appellant Katherine Cooper has personal experience in bankruptcy due to filing two Chapter 7 petitions in the 1980s and 1990s, where she received a discharge in both petitions. (*Id.*).

On December 16, 2015, the Trustee filed a complaint objecting to Appellants' discharge. (*Id*. at 3-16). A trial on the issues occurred on August 29, 2016, and the Bankruptcy Court entered its decision on December 8, 2016, denying Appellants discharge based on 11 U.S.C. §§ 727 (a)(2) and (a)(4). (Doc. No. 9-1, 28-48). On December 22, 2016, Appellants filed a Motion to Reconsider or Vacate Order Denying Discharge or in the alternative, Motion for New Trial. (*Id.* at 50-53) and the Trustee replied. (*Id.* at 57-62). The Bankruptcy Court denied Appellants Motion (*Id*. at 69), and Appellants filed a timely appeal on March 12, 2017. (Doc. No. 1).

## II. STANDARD OF REVIEW

The Court reviews the Bankruptcy Court's findings of fact for clear error, and its conclusions of law *de novo. Rembert v. AT&T Univ. Card Serv. (In re Rembert)*, 141 F.3d 277,

---

[1] Appellants bought their home in 2014 for $405,000 and it sold at auction for $400,000.

280 (6th Cir. 1998). A factual finding is clearly erroneous when the reviewing court is left with the definite and firm conviction from the *entire* evidence that a mistake has been made. *Id.* If a mixed question of law and fact exists the court "must break it down into its constituent parts and apply the appropriate standard of review for each part."*Wesbanco Bank Barnesville v. Rafoth* (*In re Baker & Getty Fin. Servs., Inc.*), 106 F.3d 1255, 1259 (6th Cir.1997).

### III. ISSUE ON APPEAL

Whether the Bankruptcy Court erred in denying Appellants a discharge under 11 U.S.C. § 727(a)(2) and (a)(4).

### IV. ANALYSIS

*A. Denial of Discharge Under U.S.C. § 727(a)(2)*

Appellants challenge the Bankruptcy Court's findings that they concealed personal property of the bankruptcy estate with the intent to defraud the Chapter 7 Trustee and retain the property. Specifically, Appellants argue the evidence supports the conclusion that Appellants actions were due to mistake, ignorance, and confusion, which does not evince fraudulent concealment. (Doc. No. 9, 7-11). Appellee argues the Bankruptcy Court reached the correct conclusion based on the numerous omissions in Appellants' schedules and statement of financial affairs, and the lack of credibility in Appellants' testimonies.

11 U.S.C. § 727(a)(2) states:

> The court shall grant the debtor a discharge, unless—
> (2) the debtor, with intent to hinder, delay, or defraud a creditor or an officer of the estate charged with custody of property under this title, has transferred, removed, destroyed, mutilated, or **concealed,** or has permitted to be transferred, removed, destroyed, mutilated, or concealed--
> (A) property of the debtor, within one year before the date of the filing of the petition…

(emphasis added).

"Concealment" is defined as, "the withholding of knowledge of an asset by the failure or refusal to divulge information required by law to be made known." *In Re Swegan*, 383 B.R. 646, 655 (B.A.P. 6th Cir. 2008). Fraudulent concealment may be inferred from circumstances in which the debtor makes material misrepresentations, knowing they are false, or with proof that a debtor acted with reckless disregard as to whether a representation was true. *See In re Keeny*, 227 F.3d 679 (6th Cir. 2000) "The elements of a violation of 11 U.S.C. § 727 must be proved by a preponderance of the evidence to merit denial of discharge." *In re Keeney*, 227 F.3d 679, 683 (6th Cir. 2000). If the debtor divulges false information based on mistake or inadvertence, the debtor is entitled to a discharge. *Id.* at 686.

The Bankruptcy Court found Appellants were "educated and sophisticated business [people] who have experience within the bankruptcy system." (Doc. No. 9-1 at 39). Appellants offered excuses for failing to disclose all of their property, but the Bankruptcy Court found their explanations were not plausible given their experience. (*Id*). The Bankruptcy Court acknowledged the purpose of bankruptcy allows debtors to obtain a fresh start, but to do that debtors must disclose all property to determine the assets available for creditors. (*Id*). While Appellants argued they believed they were only required to list items they intended to keep, the Bankruptcy Court found it nonsensical that Appellants believed the Trustee could identify and liquidate their estate when Appellants only disclosed the assets they intended to keep. (*Id.*). The Bankruptcy Court held the testimony showed Appellants hoped, ". . . the Trustee would simply rely on their disclosures or would at least not discover all of the undisclosed assets." (*Id.* at 39-40).

On appeal, Appellants argue the record is replete with indications that their actions were due to mistake, ignorance, and miscommunications. *See In re Keeney*, 227 F.3d 679, 686 (6th Cir. 2000). Based on testimony, Appellants believed they were only to list items they wanted to keep

and the Trustee would dispose of everything else. (Doc. No. 9 at 8). Appellants incorrectly filled out their schedules under the belief they followed proper protocol, and upon realizing their mistake at the Meeting of Creditors they immediately attempted to rectify their mistakes. (*Id.* at 9). Furthermore, according to the Appellants, the circumstantial evidence shows they did not conceal their possessions with the subjective intent to defraud because they allowed Mr. Massa access into their home, and their personal possessions, which were not listed in the first schedule, were all in plain view during Mr. Massa's visit. (*Id.* at 10). Appellants argue there is no proof of actual intent to conceal, and their explanations during trial are plausible. (*Id*).

Based on the facts presented during trial, the Bankruptcy Court found Appellants had knowledge of the undisclosed assets, and the evidence indicated Appellants acted in bad faith. The testimony and exhibits showed numerous errors and omissions in each of Appellants' amended schedules and statement of financial affairs. (Doc. No 9-1 at 31-33; Doc. No. 10 at 36-37). Furthermore, Appellants' experience and education in previous bankruptcy proceedings substantiates the conclusion that Appellants attempted to conceal their assets from the Trustee. The Bankruptcy Court noted Appellants did not amend their schedules until Mr. Massa conducted a "surprise inventory" of Appellants assets at their residence, and even then only listed the value of the personal property as "Unknown." (Doc. No. 9-1 at 30-31).

The Bankruptcy Court did not commit clear error in denying Appellants discharge pursuant to 11 U.S.C. § 727(a)(2). Inferences from the testimony and exhibits show Appellants continuously and intentionally withheld information about their assets from the Trustee by a preponderance of the evidence. Importantly, as the Bankruptcy Court found, Appellant's assertions of mistake that became known to them at the April 20, 2015 Meeting of the Creditors are belied by the fact that they continued to provide incomplete amendments in the months that followed. Put another way,

Appellants claim to have understood the importance of full and accurate disclosure after the Meeting of Creditors, yet the subsequent disclosures were neither full nor accurate. The multiple piecemeal amendments to the schedule, undervaluing of their estate and other assets, and their prior knowledge of bankruptcy proceedings all contribute to Appellants concealment. Accordingly, the Bankruptcy Court's holding is supported by the evidence and was not clearly erroneous.

*B. Denial of Discharge Under U.S.C. § 727(a)(4)(A)*

Appellants further argue the Bankruptcy Court's conclusions that Appellant knowingly made false oaths under 11 U.S.C. § 727 (a)(4)(A) was in clear error based on evidence. Appellants assert they incorrectly filled out the schedules by only listing property they sought to retain, and their mistake does not indicate actual intent to make false statements under oath.

It is well established that "[a] debtor has an affirmative duty to disclose all of its assets". *In Re Beckham*, 2009 WL 1726526 at *8 (6th Cir. BAP 2009) (citing *Browning v. Levy*, F.3d 761,775 (6th Cir. 2002)). Section 727(a)(4)(A) denies a discharge from bankruptcy if "the debtor knowingly and fraudulently, in or in connection with the case ... made a false oath or account." In order to deny a debtor discharge under this section, "a [Trustee] must prove by a preponderance of the evidence that: 1) the debtor made a statement under oath; 2) the statement was false; 3) the debtor knew the statement was false; 4) the debtor made the statement with fraudulent intent; and 5) the statement related materially to the bankruptcy case." *In re Debusk*, 2009 WL 1256891 at *4 (E.D. Tenn. May 1, 2009) (quoting *Keeney v. Smith (In re Keeney),* 227 F.3d 679, 685 (6th Cir.2000)). Whether a debtor has made a false oath under section 727(a)(4)(A) is a question of fact. *Keeney,* 227 F.3d at 685.

The Bankruptcy Court found the Trustee's allegations supported the facts in the case and Appellants failed to fill out the bankruptcy papers honestly and accurately. (Doc. No. 9-1 at 42). Appellants' amendments to the schedule continuously failed to disclose assets and personal property and the Court did not find their excuses for their omissions credible. (*Id.* at 42-43). At one point, Appellants blamed their attorney, Mr. Jackson, for the deficiencies, but Mr. Jackson testified he went over the Statements and Schedules with Appellants line-by-line prior to filing the petition. (*Id.* at 43). The Bankruptcy Court reasoned, "[b]ased on the facts in this case, the cumulative omissions, and the credibility of the witness . . . these debtors had no regard for providing complete and accurate information." (*Id.*). Appellants only made amendments due to the Trustee's persistence throughout the proceedings, and Appellants prior experience in business and the bankruptcy system did not entitle them to a discharge. (*Id.*).

Here, Appellants argue they did not realize their statements were false when they completed the petition, and they did not act with intent. (Doc. No. 13 at 5). Instead, Appellants took efforts to remedy their mistakes and errors. (*Id.*). They spoke with their attorney about amending their petition, voluntarily provided access to Mr. Massa during the home inspection, and helped load their personal assets into Mr. Massa's truck. (Doc. No. 9 at 12). Appellants assert these actions show their lack of intent to knowingly make a false oath. (*Id.*). Finally, Appellants state their prior bankruptcies does not impute special knowledge because various attorneys and accountants were involved in their previous bankruptcies. (*Id.* at 6). Appellee responds by arguing Appellants provided the Bankruptcy Court with no explanation for many of the omissions and errors in their amended schedules. (Doc. No. 10 at 36). The instructions on the face of the schedules are clear and are inconsistent with Appellants interpretations, therefore the Bankruptcy Court's findings support the evidence. (*Id.* at 37).

The Bankruptcy Court found that despite Appellants watching the Chapter 7 video about disclosing all assets, Appellants subsequently made false statements under oath by not disclosing all their assets in good faith.[2] Appellants argue the Bankruptcy Court erred in finding their false oaths were intentional because they simply were mistaken and confused throughout the Chapter 7 bankruptcy process. (Doc No. 13). However, the Bankruptcy Court found, and this Court agrees, that Appellants were informed on multiple occasions that *all* property and assets should be disclosed in their schedules and financial statements, but yet, with each amendment Appellants knowingly chose to omit certain assets. The Bankruptcy Court considered the multiple amendments, undisclosed assets, and Appellants prior bankruptcy experience as circumstantial evidence to infer that Appellants had actual intent to make false statements under oath. *See Keeney,* 227 F.3d at 683-84.

The Bankruptcy Court did not clearly err in inferring from the circumstances of the case that Appellants knowingly and intentionally made materially false statements under oath. Accordingly, denial of discharge under Section 727 (a)(4)(A) was proper.

## V. CONCLUSION

After applying the relevant standard of review, the Bankruptcy Court correctly denied Appellants discharge pursuant to 11 U.S.C. §§ 727(a)(2) and (a)(4). Accordingly, the Bankruptcy Court's "Order Denying Discharge" and Memorandum Opinion entered December 8, 2016 is **AFFIRMED** and the appeal is **DISMISSED**.

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE

---

[2] *See* Doc. No. 9-1 at 42-43.